*Horatio N. Farnham and Justin Clark v. Duncan P. Campbell.* B. D. SILLIMAN, for the appellants; C. B. MOORE, for the defendant. This was an appeal from so much of the order of the vice chancellor of the first circuit, appointing a receiver upon a creditor's bill, as reserved to the defendants the use and rents and profits of all his real estate during the fifteen months allowed by law to redeem such real estate from a sale by the sheriff upon execution.

*A judgment debtor is not entitled, as against a receiver appointed in a creditor's suit, to the use, and rents and profits of his real estate, during the 15 months allowed by law for redemption of such real estate, on a sheriff's sale.*

THE CHANCELLOR. The reason why no opinion was expressed by this court upon the question now under consideration, in the case of the Albany City Bank v. Schermerhorn, *(9 Paige's Rep.* 379,) was not because I had any doubts on the subject, but because the question did not arise upon the proceedings then before me. The object of the legislature, in giving to the owners of real estate sold on execution the right to redeem the same within a limited time, was not to give to an insolvent debtor the rents and profits of his property during fifteen months, to the prejudice of the just rights of his creditors; but to secure a sale of the property for something like its real value.

Previous to the passage of the redemption law, it is well known that real estate in the country, when sold upon execution, was generally bid in by the creditors for a mere nominal price, leaving the judgment still standing against the unfortunate debtor and his future earnings, for nearly its whole amount; though the actual value of the property was frequently more than the whole amount of the plaintiff's debt and costs. But by allowing the right of redemption to the defendant and to his other creditors who had obtained liens upon his property, the owner of the oldest judgment was compelled to bid something like the cash value of the property to entitle him to preserve the lien of his judgment thereon as against other creditors. No injustice, therefore, is done to the creditors, by making it necessary for him to bid to the

amount of the cash value of the property, subject to the right of redemption, and the possession of the premises for fifteen months, to preserve the lien of his judgment, where the property subject to such right is worth enough to pay his whole debt and costs. But where the present value of all the debtor's property, with the right to the immediate possession thereof, is insufficient to satisfy his honest debts, it would be manifestly unjust to give the debtor the rents and profits of his property for fifteen months, leaving a part of the honest debts of his creditors unpaid. And it not unfrequently happens that the debtor who attempts thus to retain the use of a portion of his property, when he has not enough to satisfy the just claims of his creditors, does it at the expense of the honest mechanic or laborer, the recovery of whose debts may be necessary to save himself from bankruptcy and his family from want. Courts of justice, therefore, have no right to presume that the legislature intended to protect any part of the debtor's property from the just claims of his creditors, though I admit the power of the legislature over the remedies of creditors is very broad. But until they say so, in terms that cannot be misunderstood, it is our duty to suppose they could not have intended to interfere with the just rights of either debtor or creditor in prescribing the remedies of the latter. And upon what principles of justice or equity, can the debtor claim to retain the whole rents and profits of a large real estate for the period of fifteen months, when the same are necessary to pay the debts which he honestly owes to his creditors? Independent of the provisions of the revised statutes, the court for the correction of errors, in the case of *Hadden* v. *Spader*, (20 *John. Rep.* 554,) held that a judgment creditor, whose execution at law was returned unsatisfied, might come into chancery to reach an interest of the debtor which could not be obtained by the execution at law. And in the case of *Edmeston and Riddle* v. *Lyde and Walton*, (1 *Paige's Rep.* 639,) which was decided the year before the revised statutes went into operation, this court held that the judgment creditor could file such a bill here to reach an interest of the debtor in real estate.

Although the provision of the revised statutes speaks of decreeing satisfaction out of personal property, money, or things in action, whether the same were originally liable to be taken in execution or not, it is every day's practice to decree satisfaction of such judgment out of beneficial interests of the debtor in real property which could not be reached by execution at law. And such is the nature of the interest sought to be reached in the present case.

The exception of the order of the vice chancellor is therefore erroneous, and such order must be reversed, with costs. And the defendant must be directed to assign and deliver over the excepted property to the receiver, and the rents and profits thereof which have accrued or become due subsequent to the filling of the complainant's bill, as well as those which were due before ; and the tenants must be directed to attorn to the receiver and pay the rents to him. And the proceedings are remitted to the vice chancellor.